```
 1
 2
 3
 4
 5
 6
 7
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. FULLER, | ) Case No. CV 08-7062-PJW |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he determined that Plaintiff was capable of performing three jobs that require reaching above the shoulder because Plaintiff is unable to reach above his shoulder with his right arm. (Joint Stip. at 5-6.) As explained in detail below, the Court concludes that the ALJ did not err in finding that Plaintiff could perform these three jobs and, therefore, the Agency's decision is affirmed.

## II. DISCUSSION

Plaintiff was born in June 1961. (Administrative Record ("AR") 545.) He worked as a service technician from 1983 until 2001, when he stopped working because he was "not making enough money to live on and pay all the bills." (AR 91, 547-49.) In April 2005, he developed pain in his right shoulder--which has since been diagnosed as rotator cuff impingement syndrome--and began treatment. (AR 274.) In 2006, he applied for DIB and SSI, alleging an inability to work due to arthritis in his right shoulder and right hand, inability to sleep, and high cholesterol. (AR 91.) The Agency denied the claim initially and Plaintiff requested a hearing before an ALJ. On August 9, 2007, Plaintiff appeared with counsel at the administrative hearing and testified. (AR 539-62.) The ALJ thereafter submitted written interrogatories to a vocational expert who provided written responses. (AR 60-64, 72-78.) In short, the vocational expert opined that Plaintiff was capable of working. Plaintiff did not object to the vocational expert's opinion.

On May 15, 2008, the ALJ issued a decision denying Plaintiff's applications. (AR 17-25.) He found that Plaintiff had the residual functional capacity to perform a full range of light work except that he could only occasionally reach with his right arm and could never reach above his shoulder with that arm. (AR 20.) Relying on the vocational expert's submission, the ALJ determined that Plaintiff could not perform his past work but could perform work as a photofinishing counter clerk, a laminating machine offbearer, and a furniture rental consultant. (AR 25.)

Plaintiff takes exception to this finding. He contends that the ALJ erred in determining that he could perform these jobs because all

2

1  three require reaching above the shoulder with both arms and Plaintiff
2  is unable to do this.  (Joint Stip. at 6.)
3      The Agency disagrees.  It argues that the description of these
4  three jobs in the Dictionary of Occupational Titles ("DOT") does not
5  specify that overhead reaching with both arms is required.  (Joint
6  Stip. at 12.)  As a result, the Agency claims, the ALJ did not err in
7  relying on the vocational expert's finding that Plaintiff could
8  perform all three jobs despite his inability to reach over his
9  shoulder with his right arm.  For the reasons explained below, the
10 Court sides with the Agency.
11     Once a claimant has met his burden at step four of demonstrating
12 that he cannot perform his past relevant work, the burden shifts to
13 the Agency at step five to establish that the claimant is capable of
14 performing other jobs in the economy.  20 C.F.R. §§ 404.1520(f)(g),
15 404.1560(c); *see Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.
16 1995).  This burden can be met through the use of a vocational expert.
17 *See* 20 C.F.R. § 404.1566(e); *see also Tackett v. Apfel*, 180 F.3d 1094,
18 1101 (9th Cir. 1999).  It can also be satisfied by taking notice of
19 reliable job information contained in various publications, including
20 the DOT.  20 C.F.R. § 404.1566(d).  The DOT is a presumptively
21 authoritative source on the characteristics of jobs.  *See Pinto v.*
22 *Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001).  Nevertheless, the
23 DOT is not the sole source for this information and the Agency may
24 rely on the testimony of a vocational expert for information on jobs.
25 *Johnson*, 60 F.3d at 1435.  Where the vocational expert's testimony
26 differs from the DOT, however, he or she must provide a persuasive
27 rationale supported by the evidence to justify the departure.  *See*
28 *Light v. Soc. Sec. Administration*, 119 F.3d 789, 793 (9th Cir. 1997).

1    Here, the ALJ found at step four that Plaintiff could perform
2 light work but could only reach occasionally with his right arm and
3 could not reach above his shoulder at all.  (AR 20.)  With these
4 limitations in mind, the ALJ determined that Plaintiff could *not*
5 perform his past relevant work as a heavy equipment mechanic.  (AR
6 24.)

7    The ALJ determined that Plaintiff's limitations precluded the use
8 of the medical-vocational guidelines (or "Grids") and solicited input
9 from a vocational expert.  (AR 24-25.)  The ALJ did so by providing
10 the vocational expert with a list of questions, to which the
11 vocational expert provided written responses.  (AR 60-63, 72-78.)  The
12 vocational expert found three jobs that Plaintiff could perform
13 despite his reaching limitations: photofinishing counter clerk,
14 laminating machine offbearer, and furniture rental consultant.  (AR
15 61-62.)  According to the job descriptions in the DOT, all three jobs
16 require occasional reaching.  *See* Dictionary of Occupational Titles,
17 4th Ed. Revised 1991, Nos. 295.357-018, 569.686-046, and 249.366-010.
18 In Plaintiff's view, "reaching" includes reaching above the shoulder
19 and, because he is unable to reach that high with his right arm, he
20 cannot perform any of the jobs identified by the vocational expert.
21 (Joint Stip. at 6.)  There is no support for this argument.

22    To begin with, the DOT does not define "reaching" as reaching
23 above shoulder height, nor does anything in the job descriptions for
24 these three jobs suggest that reaching above the shoulder with either
25 arm, never mind both arms, is required.  *See* Dictionary of
26 Occupational Titles, 4th Ed. Revised 1991, Nos. 295.357-018, 569.686-
27 046, and 249.366-010.  Thus, there is no apparent conflict between the
28 vocational expert's findings and the DOT.

Plaintiff points out that, in the *Handbook for Analyzing Jobs* and Social Security Ruling ("SSR") 85-15, "reaching" is defined as "extending hands and arms in any direction." (Joint Stip. at 6.) He argues that these definitions should be incorporated into the DOT. Again, the Court disagrees.

The fact that "reaching" as a general matter can involve "extending hands or arms in any direction" does not mean that the reaching required for the jobs identified by the vocational expert involves reaching at or above shoulder level. Because the nature of the particular reaching action required in the performance of the jobs at issue is not specified in the DOT, the ALJ properly relied on the vocational expert's testimony that Plaintiff could perform the jobs in question despite the limitations on his reaching. *See* SSR 85-15 ("Reaching (extending the hands and arms in any direction) ... [is] required in almost all jobs. Significant limitations of reaching ... therefore, may eliminate a large number of occupations a person could otherwise do. Varying degrees of limitations would have different effects, and *the assistance of a [vocational expert] may be needed* to determine the effects of the limitations")(emphasis added).

This is particularly true in this case, where the vocational expert's testimony was provided in writing to Plaintiff's counsel to give him an opportunity to object or request clarification and counsel did neither. (AR 58-59, 69-70.) Plaintiff's failure to raise an objection to the vocational expert's testimony is tacit approval of that testimony.[1]

---

[1] Plaintiff's counsel arguably raised the alleged inconsistency between the DOT and the vocational expert's testimony after the ALJ
(continued...)

1       Although not binding on the Court, *Carey v. Apfel*, 230 F.3d 131
2  (5th Cir. 2000), is instructive.  In *Carey*, the ALJ relied on the
3  testimony of a vocational expert to find that the claimant, whose left
4  arm had been amputated, could perform work as a cashier or ticket
5  seller.  On appeal, the claimant argued that the vocational expert's
6  testimony was inconsistent with the DOT because both jobs required a
7  certain level of dexterity as well as frequent handling and fingering
8  with two hands and the claimant had only one hand.  *Id*. at 146.  The
9  Fifth Circuit disagreed.  The court first noted that there was no
10 conflict between the vocational expert's testimony and the DOT because
11 the DOT did not state that the jobs required the use of both hands.
12 *Id*.  The court further noted that the claimant's counsel had had the
13 opportunity to object to the vocational expert's testimony that the
14 claimant could perform the jobs with one hand or to cross-examine him
15 on the issue and he chose not to.  *Id.*  The court concluded that,
16 under those circumstances, the ALJ properly relied on the expert's
17 testimony.  *Id.*

18       Like the claimant in *Carey*, Plaintiff did not object to the
19 vocational expert's testimony that Plaintiff could perform work that
20 required reaching despite the fact that Plaintiff's ability to reach
21 was limited.  Like the claimant in *Carey*, Plaintiff later argued that
22 "reaching" meant with both arms.  Like the court in *Carey*, the Court
23 concludes that the ALJ did not err in interpreting the language of the
24 DOT or in relying on the vocational expert's testimony that Plaintiff
25 could work.

---

[1] (...continued)
issued his decision. (AR 537-38.)  But, clearly, that was too late.

1     Finally, Plaintiff argues that the ALJ erred in relying on the
2 vocational expert's testimony because it was plainly in conflict with
3 the DOT descriptions for these jobs and the vocational expert never
4 explained his justification for departing from the DOT, as he was
5 required to do under SSR 00-4p and *Massachi v. Astrue*, 486 F.3d 1149
6 (9th Cir. 2007).  (Joint Stipulation at 9-13.)  Plaintiff is mistaken.
7 *Massachi* and SSR 00-4p require an ALJ to inquire about conflicts
8 between the vocational expert's testimony and the DOT.  The ALJ did so
9 and the vocational expert testified that there were none.  (AR 62,
10 77.)  This was all that was required.[2]

11     In the end, the Court concludes that the vocational expert's
12 testimony that Plaintiff could perform the three jobs he identified
13 did not conflict with the DOT and, therefore, the ALJ did not err in
14 relying on that testimony.  For these reasons, the Agency's decision
15 is affirmed and the case is dismissed with prejudice.

16     IT IS SO ORDERED.

17     DATED: December 15, 2009

                                    _____
19                                   PATRICK J. WALSH
                                     UNITED STATES MAGISTRATE JUDGE

24 S:\PJW\Cases-Soc Sec\Fuller\Memorandum and Opinion.wpd

---

[2] The vocational expert opined that Plaintiff could not perform 50% of the furniture rental consultant jobs due to his reaching limitations.  (AR 62.)  This signals to the Court that the vocational expert did consider how Plaintiff's limitations would affect his ability to perform all three jobs.